accrues to the widow and lineal heirs.   We think, however, that this is not the case where death results from an act of negligence which is not willful.   In such case the action should be maintained by the administrator under the provisions of Section 10770, *et seq.*, as in other cases.

## COMPARATIVE NEGLIGENCE UNDER THE RECENT OHIO ACT.

### Circuit Court of Lucas County.

STANDARD STEEL TUBE CO. v. WALTER PRUSAKICUEICZ.

Decided, November 25, 1911.

*Master and Servant—Construction of 101 O. L., 197—Relating to Comparative Negligence Between Employers and Employes—Recovery Not Defeated by Contributory Negligence of Employe where Slight as Compared with Negligence of Employer.*

1. By the provisions of Section 6245-1, General Code, as enacted in 101 O. L., 197, the doctrine of comparative negligence is introduced into the law of Ohio in actions between employe and employer.
2. The effect of that section is to enlarge the right of action by an employe so as to include cases where he may have been guilty of contributory negligence, provided his contributory negligence is slight as compared with that of the employer.

*Ralph S. Holbrook* and *C. R. Banker,* for plaintiff in error. *Stephen Brophy,* contra.

RICHARDS, J.; WILDMAN, J., and KINKADE, J., concur.

In this action Walter Prusakicueicz, commonly called for the sake of euphony perhaps, Walter Brasa, recovered a verdict and judgment in the court of common pleas in the sum of $2,900 for personal injuries claimed to have been received through negligence of the Standard Steel Tube Company.   The injury occurred upon July 23, 1910, while the plaintiff was in the employment of said company and engaged in the operation of a certain punch press.   This press was connected with power and was operated by an employe by placing his foot on the treadle which causes the plunger to descend and punch holes in or cut out pieces of sheet metal.

It was contended by the plaintiff that this machine was out of order and so defective that the plunger would drop without the treadle being pressed and as a result of such dropping the plaintiff whose left hand was inserted for the purpose of removing a piece of sheet metal, was caught by the plunger and the fingers of that hand were cut off by the plunger descending.

The plaintiff claims that he was inexperienced in this kind of machinery and had only been employed upon the machine for a few hours and that the defendant failed to give him any instructions or warn him of the dangers. It appears from the evidence that the plaintiff had reported the fact to the foreman that the machine was out of order and was not working properly and that the foreman had attempted to repair the same and reported to plaintiff that it had been repaired. The defendant in its answer denies all negligence upon its part and asserts that the plaintiff himself was guilty of negligence contributing directly to his own injury. These allegations are denied by the reply. The proceeding was brought into this court by a petition in error and a bill of exceptions which contains all of the evidence.

Numerous errors are assigned but all of them which appear to be of importance involve the application to this case of the statute found in 101 O. L., 195, and following, and especially of General Code, 6245-1, as amended in said act and found on page 197 of said volume. The contention as made by counsel for the defendant company would deprive that section of any value to the employe in cases of this kind. The manifest purpose of the General Assembly in passing this act was to enlarge the right of recovery by an employe against an employer in an action for personal injury caused by negligence and to introduce into the law of Ohio to a limited extent and in a qualified way the doctrine of comparative negligence. It is an attempt to remedy, in so far as employes and employers are concerned, the condition not infrequently experienced by courts in the trial of personal injury cases where the plaintiff fails because of his own negligence directly or proximately contributing to his injury, although the evidence may show the defendant to have been guilty of a far greater degree of negligence.

This case casts upon the court the duty of construing General Code, 6245-1, already cited and that duty must be undertaken

in the light of the legislative purpose just mentioned. So far as this court is aware, no reported decision has placed a construction upon that section. The section, so far as necessary to be quoted, reads as follows:

"That in all such actions hereafter brought, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence is slight and the negligence of the employer is gross in comparison. But the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe."

Counsel for the defendant have insisted with much ability that even though the object of the Legislature may have been to accomplish the purpose indicated by the court, that the language used in the section quoted will not permit that construction. It is urged that the section does not say that in all cases contributory negligence shall not be a bar, and that it only provides that contributory negligence of the employe is slight and the negligence of the employer gross in comparison. Counsel argue therefore that in all other cases contributory negligence shall be a bar. Counsel further contend that by the language found in the act, the negligence of the plaintiff is not placed in comparison with that of the defendant. The construction contended for is reached by a too literal and too rigid interpretation of the words used and by overriding the manifest legislative purpose. If this be the interpretation of the section, then it has added nothing to the right of an employe in a personal injury case. Under the law as it has heretofore existed, if a plaintiff's only delinquency is that he is guilty of slight negligence, he is not deprived thereby of the right to recover. Such has always been the law of Ohio and the principle is well enunciated in the case of *Schweinfurth* v. *Railway,* 60 Ohio St., 215, 220, and in *Wellston Coal Co.* v. *Smith,* 65 Ohio St., 70, 80. As we construe this statute the negligence of the plaintiff and the negligence of the defendant are to be compared each with the other, and upon such comparison, if it shall appear that the negligence of the plaintiff is slight as compared with that of the defendant, and that the negligence of the defendant is gross as compared with that of the plaintiff, then the plaintiff is entitled to recovery if the other elements entitling him so to do, are present. The words "slight" and

"gross" are used as relative expressions. No fixed absolute degree of care is mentioned in the statute. The provision is to be construed as if it read, "The fact that the employe may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence is slight and the negligence of the employer is gross in comparison each with the other."

We think it perfectly clear that the General Assembly in this enactment used the words "contributory negligence" as meaning precisely the same as a failure to exercise ordinary care. It will be noted that no comma is found in the act after the word "slight" and this fact confirms the view which we have adopted. Again, if the construction contended for by counsel for the defendant company should be adopted, it would result that the statute enacted for the purpose of enlarging the right of recovery of an employe would actually operate to his prejudice, for it would not allow a recovery in any case where the employe was barred under the former law, and then in cases where he did recover, the amount of his recovery would by the language of the act, be diminished in proportion to the negligence attributable to him.

Counsel for the defendant company places much reliance upon numerous decisions of the courts of Illinois. We have examined those cases with care and many of them bear out the contention of counsel that a plaintiff can never recover in a case of this kind unless he has himself been in the exercise of ordinary care. The courts in that state for many years undertook to apply the requirement to the plaintiff that in order to recover he must have been exercising ordinary care, in connection with the doctrine of comparative negligence, but the later cases in Illinois repudiated the whole doctrine as construed and applied by their courts. We are not able to obtain much light in the interpretation and construction of this statute from the decisions of that state.

We have already stated that we are not aware of any reported case construing the section involved in this case, but a parallel statute may be found in General Code, 9018. The material parts of that section provide that the fact that the employe was guilty of contributory negligence shall not bar a recovery when such

negligence was slight and that of the employer "greater" in comparison.

In all material respects, so far as the question now under consideration is concerned, the two acts are entirely similar. This last section has been construed by the Circuit Court of Appeals of the Sixth Circuit, *Erie Ry.* v. *White,* 187 Fed. Rep., 556. In the course of the opinion, the court say:

"No reason is assigned, and we observe none, why this statute does not in the cases to which it refers abolish entirely the defense of assumption of risk, and abolish also the defense of contributory negligence as an absolute and invariable defense in bar substituting therefor the rule of comparative negligence."

It remains to apply this principle to the determination of the legal question raised in the case at bar. The defendant company asked the court to give to the jury in charge various instructions, all of which raise substantially the same question. I will quote No. 5 as asked to be given which will answer as a sample of the others:

"If the jury find from the evidence that the plaintiff and defendant were both negligent, and that the negligence of both directly contributed to cause the injury complained of in plaintiff's petition, then your verdict should be for the defendant."

Manifestly the charge requested is at variance with the provisions of the statute under consideration; and the same applies to the other requests asked for by the defendant to be given to the jury. The instruction quoted could not be given to the jury in a case of this kind without being in some way qualified so as to indicate in accordance with the language of the statute, that the rule was not applicable if the jury should find that the negligence of the employe was slight and the negligence of the employer gross in comparison with each other.

We find no error in the case to the prejudice of the plaintiff in error except that the plaintiff below was allowed to recover for certain wages which he lost during his minority by reason of this injury, he being slightly under twenty-one years of age at the time of his injury. We find, however, that his counsel offered to remit from the judgment the amount of such wages,

and the judgment of the court of common pleas will be modified to that extent and as so modified will be affirmed.